

Joshua L. Raskin
Tel 212.801.6930
Fax 212.805.5583
Joshua.Raskin@gtlaw.com

October 9, 2024

**VIA ECF**

Honorable Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re: *Social Positioning Input Systems, LLC v. Curb Mobility, LLC*, No. 1:24-cv-6056-ER

Dear Judge Ramos:

      Pursuant to Rule 2(A)(ii) of your Honor's Individual Practices, Defendant Curb Mobility, LLC ("Curb") respectfully requests a pre-motion conference for its proposed motion to dismiss Plaintiff Social Positioning Input Systems, LLC's ("Social Positioning") Original Complaint (D.I. 1) ("Complaint"). Social alleges that Curb infringes claim 1 of U.S. Patent No. 9,261,365 ("the '365 patent"). Curb seeks dismissal on three grounds: (1) Social Positioning is collaterally estopped from asserting claim 1 of the '365 patent in view of a prior district court decision invalidating materially similar claims of a related patent under 35 U.S.C. § 101 for failure to claim patent-eligible subject matter; (2) claim 1 of the '365 patent is itself invalid under 35 U.S.C. § 101; and (3) Social Positioning's own allegations render its infringement claim implausible.

## I.    Legal Standard

      To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, but the Court is not bound to accept as true a legal conclusion couched as a factual allegation, to credit mere conclusory statements, or to accept threadbare recitals of the elements of a cause of action." *Bonhac World Corp. v. Mellin Works LLC*, 2023 WL 346950, at *1 (S.D.N.Y. Jan. 20, 2023) (quotations, citation and alterations omitted). "Plaintiffs may even plead themselves out of court at the outset of their lawsuit by pleading information that defeats their legal claim." *In re Initial Public Offering Securities*, 241 F. Supp. 2d 281, 324 (S.D.N.Y. 2003)

      Section 101 of the Patent Act limits patentable subject matter to "any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof." 35 U.S.C. § 101. The Supreme Court has long held such patentable subject matter excludes laws of nature, natural phenomena, and abstract ideas. *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 216 (2014). "[B]ecause '[p]atent eligibility under 35 U.S.C. § 101 is a question of law, based on underlying factual findings[, i]t may be resolved on a Rule 12(b)(6) motion when there are no factual allegations that, taken as true, prevent resolving the eligibility as a matter of law.'" *Diatek Licensing LLC v. AccuWeather, Inc.*,

Honorable Edgardo Ramos
October 9, 2024
Page 2

2023 WL 2632178, at *4 (S.D.N.Y. Mar. 24, 2023) (quoting *Uniloc USA, Inc. v. LG Elecs. USA, Inc.*, 957 F.3d 1303, 1307 (Fed. Cir. 2020)) (original alterations).

"Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Montana v. United States*, 440 U.S. 147, 153 (1979).

**II.   Social Is Collaterally Estopped From Asserting The '365 Patent**

In *Rothschild Location Techs. LLC v. Geotab USA, Inc.*, the Eastern District of Texas invalidated all of the claims of U.S. Patent No. 8,606,503 ("the '503 patent") under Section 101 because each claim was directed to the abstract idea of retrieving an address from another location, and none of the claims disclosed an inventive concept that rendered them patent eligible.[1] The '365 patent asserted in this case is a continuation of the '503 patent and thus, the patents share a common specification. Social Positioning is collaterally estopped from asserting claim 1 of the '365 patent because, as illustrated in the table below, both patents claim the same sequence of events in which (1) a first (requesting) device sends a request to a server for a stored address on a second (sending) device; (2) the server determines an identifier for the second device based on an identifier for the first device; and (3) the server retrieves the stored address from the second device and transmits it to the first device:

| '503 Patent, claim 1 | '365 Patent, claim 1 |
|---|---|
| 1. A method for entering location information into a positional information device, the method comprising:<br>• receiving, by a server, a request from a first positional information device for at least one address stored in at least one second positional information device, the request including a first identifier of the first positional information device;<br>• determining, by the server, a second identifier for identifying the at least one second positional information device based on the received first identifier;<br>• retrieving, by the server, the requested at least one address stored in the identified at least one second positional information device; and<br>• transmitting, by the server, the retrieved at least one address to the first positional information device. | 1. A method for receiving location information at a positional information device, the method comprising:<br>• sending a request from a requesting positional information device to a server for at least one address stored in at least one sending positional information device, the request including a first identifier of the requesting positional information device;<br>• receiving at the requesting positional information device, from the server, a retrieved at least one address to the requesting positional information device wherein the server determines a second identifier for identifying the at least one sending positional information device based on the received first identifier and retrieves the requested at least one address stored in the identified at least one sending positional information device. |

"[C]ollateral estoppel may apply even if the patent claims 'use slightly different language to describe substantially the same invention,' so long as 'the differences between the unadjudicated patent claims and adjudicated patent claims do not materially alter the question of invalidity.'" *Google LLC v.*

---

[1] 2016 WL 3584195, at *5-8 (E.D. Tex. Jan. 4, 2016), *report and recommendation adopted*, 2016 WL 2847975, at *2-3 (E.D. Tex. May 16, 2016).

*Hammond Dev. Int'l,* 54 F.4th 1377, 1381 (Fed. Cir. 2022) (quoting *Ohio Willow Wood Co. v. Alps S., LLC*, 735 F.3d 1333, 1342 (Fed. Cir. 2013)). Here, claim 1 of the '365 patent and claim 1 of the '503 patent both recite materially the same limitations. For that reason, the prior holding that claim 1 of the '503 patent is directed to the abstract idea of retrieving an address from another location and fails to include any inventive concept also applies to the '365 patent. Thus, Social Positioning is collaterally estopped from asserting the '365 patent against Curb.

### III. The '365 Patent Is Directed To Patent-Ineligible Subject Matter

Alternatively, the Complaint should be dismissed because the asserted claim of the '365 patent recites patent-ineligible subject matter under 35 U.S.C. § 101. As discussed above, claim 1 of the '365 patent is directed to the abstract idea of retrieving an address from another location. As the *Geotab* court explained with respect to the materially similar claims of the '503 patent, the '365 patent claims "do[] not contain an inventive concept that transforms the claims into patent-eligible subject matter." *Geotab USA, Inc.*, 2016 WL 2847975 at *3. Rather, only conventional, off-the-shelf, technologies are disclosed. *Id.*

Courts have routinely found claims directed to similar location-based transactions to be abstract. *See, e.g., RDPA, LLC v. Geopath, Inc.*, 543 F. Supp. 3d 4, 20 (S.D.N.Y. June 15, 2021) (holding that five patents which "apply[] the data collected by GPS and location tracking systems" are invalid under Section 101); *NantWorks, LLC v. Niantic, Inc.*, 2021 WL 24850, at *6 (N.D. Cal. Jan. 4, 2021) (holding that "reconciling transactions between two users based on the first user's location" is abstract); *Elec. Commc'n Techs.,* 958 F.3d at 1182 (holding claims directed to the tracking of a package's location invalid as abstract); *Peschke Map Techs. LLC v. Rouse Props.*, 168 F. Supp. 3d 881 (E.D. Va. 2016) (finding claims directed to "an electronic map navigation system that enables a user to locate a particular store" abstract). Thus, claim 1 of the '365 patent is invalid under 35 U.S.C. § 101.

### IV. Social Positioning's Own Infringement Allegations Confirm That They Are Implausible

Claim 1 of the '365 patent requires the step of "sending a request from a requesting positional information device to a server for *at least one address stored in* at least one sending positional informational device." The Complaint alleges that this step is performed when "the *real-time location* of the driver's mobile device [is] shared with the user such that the user tracks the *real-time location* of the driver." Complaint, Ex. B (D.I. 1-2) at 6-7. Setting aside whether a driver's real-time location is an "address"—it is not—this location is inherently *not* an "address *stored in* at least one sending positional information device" as the modifier "real-time" indicates that the location is transient and continuously ascertained, and thus, would not be a "stored" address. Thus, the Complaint fails to state a plausible claim of infringement of the '365 patent for at least this reason.

Accordingly, Curb respectfully requests a pre-motion conference to discuss its anticipated motion to dismiss Social Positioning's Complaint.

Honorable Edgardo Ramos
October 9, 2024
Page 4

                Respectfully submitted,

                <u>/s/ Joshua L. Raskin</u>
                Joshua L. Raskin
                Vimal M. Kapadia
                GREENBERG TRAURIG, LLP
                One Vanderbilt Avenue
                New York, NY 10017
                Telephone: (202) 801-9200
                joshua.raskin@gtlaw.com
                vimal.kapadia@gtlaw.com

                ***Attorneys for Defendant Curb Mobility, LLC***